UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NATIONAL RETIREMENT FUND,

                Plaintiffs,

-against-

INTEGRATED MANUFACTURING AND ASSEMBLY, LLC,

                Defendant.

**COMPLAINT**

Plaintiffs, by their attorney Jennifer Oh, Esq., complaining of Defendant Integrated Manufacturing and Assembly, LLC, respectfully allege as follows:

## NATURE OF ACTION

1. This is an action by plan fiduciaries to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1145.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a) and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f).

## VENUE

3. Venue is properly laid in this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a); Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2); and 28 U.S.C. §1391(b).

## THE PARTIES

4. Plaintiff National Retirement Fund ("Retirement Fund") is established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan" as defined in Section 3(2) of ERISA, 29 U.S.C. §1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Retirement Fund. As such, the Retirement Fund is a "multiemployer plan," within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A).

5. The Retirement Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. §1002(16)(B)(iii).

6. Plaintiff Trustees of the Retirement Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Retirement Fund and Plan and disposition of Retirement Fund assets. As such, Plaintiff Trustees of the Retirement Fund are fiduciaries with respect to the Plan, within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), as defined in Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Retirement Fund maintains its principal administrative offices at 333 Westchester Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

7. Upon information and belief, Defendant Integrated Manufacturing and Assembly, LLC is a Kentucky corporation having or having had its principal place of business at 521 Industry Road, Suite 100, Louisville, Kentucky 40208.

8. Chicago & Midwest Regional Joint Board (the "Union") is an unincorporated "employee organization" as defined in Section 3(4) of ERISA, 29 U.S.C. §1002(4). Upon information and belief, the Union and Defendant have been parties to a collective bargaining agreement ("Bargaining Agreement") covering all relevant periods herein. Upon information and belief, pursuant to said Bargaining Agreement, employee benefit fund contributions and pension contribution reconciliation reports to Plaintiff Retirement Fund were and are due to be paid by Defendant.

## AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

9. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "8" of this Complaint with the same force and effect as if set forth at length herein.

10. Upon information and belief, contributions to the Retirement Fund from Defendant as required by the Bargaining Agreement for the months of April through and including July 2019 in the principal amount of $17,479.56 have not been made and are now due and owing. By reason thereof, Defendant is liable to Plaintiff Retirement Fund in the principal amount of $17,479.56 for the period stated.

11. Plaintiff Retirement Fund is entitled to collect interest on the outstanding delinquent contributions from Defendant calculated pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. §1132(g)(2)(B).

12. Plaintiff Retirement Fund is entitled to collect liquidated damages, attorneys' fees and costs from Defendant pursuant to Sections 502(g)(2)(C) and 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(C) and 29 U.S.C. §1132(g)(2)(D).

## AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF
## TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

13. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "12" of this Complaint with the same force and effect as if set forth at length herein.

14. The Agreement and Declaration of Trust ("Trust Agreement") of the Retirement Fund provides that, "An Employer is deemed to have accepted and become bound by this Agreement and Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund." As Defendant has an obligation to contribute to the Retirement Fund and has, in the past, contributed to the Retirement Fund, Defendant has accepted and become bound by the Trust Agreement.

15. The Retirement Fund's Trust Agreement requires Defendant to remit monthly pension contribution reconciliation reports ("Contribution Reports") to Plaintiff Retirement Fund, which includes the employees' names, Social Security numbers, hours worked, paid hours, unpaid hours, vacation, sick leave, hire classifications, and such other information as the Trustees of the Retirement Fund may require for its sound and efficient operation and to ensure accurate pension service credits for participants in the Retirement Fund.

16. Upon information and belief, Contribution Reports required for the months of April through and including July 2019 have not been remitted to the Retirement Fund by Defendant and are now due and owing by Defendant to Plaintiff Retirement Fund. By reason thereof, Plaintiffs are entitled to an Order and Judgment requiring Defendant to remit the required Contribution Reports to Plaintiff Retirement Fund for the periods stated.

## AS AND AS FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFF
## TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

17. Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "16" of this Complaint with the same force and effect as if set forth at length herein.

18. Defendant is now failing and, upon information and belief, will continue to fail to make contributions and to remit Contribution Reports to the Retirement Fund in accordance with the terms and conditions of the Retirement Fund's Agreement and Declaration of Trust and the Bargaining Agreement between Defendant and the Union unless restrained by the Court.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a. Directing Defendant to pay to the Retirement Fund the principal amount of $17,479.56; and

b. Directing Defendant to pay to the Retirement Fund interest on the sum set forth in paragraph "(a)" herein, to be computed at an interest rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. §1132(g)(2)(B); and

c. Directing Defendant to pay to the Retirement Fund liquidated damages, to be computed at a rate as prescribed by the Retirement Fund, pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. §1132(g)(2)(C); and

d. Directing Defendant to remit Contribution Reports to the Retirement Fund as required by the Bargaining Agreement for the months of April through and including July 2019; and

e. Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in remitting its contributions and Contribution Reports to the Retirement Fund, and ordering Defendant to make such contributions and remit such reports in accordance

with the terms and conditions of the Retirement Fund's rules and regulations and the Bargaining Agreement between Defendant and the Union; and

    f.    Directing Defendant to pay to the Retirement Fund the reasonable attorneys' fees and costs of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D); and

    g.    Granting such other legal and equitable relief as the Court deems appropriate.

Dated: August 21, 2019
       White Plains, New York

**TRUSTEES OF THE NATIONAL RETIREMENT FUND, Plaintiffs**

By: _____
    Jennifer Oh

*Attorney for Plaintiffs*

Alicare, Inc. – Fund Administrator
333 Westchester Avenue
North Building – 1st Floor
White Plains, New York 10604
Telephone: (914) 367-5243
Facsimile: (914) 367-2243
Email: joh@alicare.com